IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMY EVERETT, et al.,

   Plaintiffs,

     v.

COBB COUNTY, GEORGIA, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-3392-TWT

## OPINION AND ORDER

This is a Section 1983 case. It is before the Court on the Defendant Lani Meshella Miller's Motion to Dismiss [Doc. 7]. For the reasons stated below, the Defendant's Motion to Dismiss is GRANTED.

### I. Background

The Plaintiffs Amy and Tjelvar Everett are a married couple currently residing in Alabama.[1] The Defendant Miller is a former coworker of the Plaintiffs and a resident of Georgia.[2] The Plaintiffs allege that on January 1, 2015, Tjelvar Everett revealed to his wife that he had engaged in an extramarital affair with Miller between 2006 and 2008 when the

---

[1] Compl. ¶¶ 1-2.

[2] *Id.* at ¶ 5.

Everetts and Miller were teachers at a high school in Georgia.[3] Upon learning of the affair, Amy Everett attempted to contact Miller and her husband through Facebook, but did not receive a response.[4] Amy Everett then contacted Miller at her current place of employment via telephone.[5] After their conversation, Amy Everett then sent emails and other electronic communications to Miller's extended family and coworkers exposing the affair in an effort to "warn" them.[6]

Miller contacted the Cobb County Police Department to report that she had been receiving harassing emails from Amy Everett.[7] Detective Hopkins, another Defendant in this case, was assigned to investigate the issue.[8] Hopkins interviewed Miller, at which time she "was adamant that she had [had] no such affair."[9] Miller also apparently failed to disclose the phone conversation she had had with Amy Everett.[10] Hopkins then sent a

---

[3]   *Id.* at ¶¶ 9-10.

[4]   *Id.* at ¶ 16.

[5]   *Id.* at ¶ 17.

[6]   *Id.* at ¶¶ 21-22, 24.

[7]   Compl., Ex. D at 1.

[8]   *Id.*

[9]   *Id.*

[10]  Compl. ¶ 77.

cease and desist letter to the Plaintiffs.[11] After Miller received another email from the Plaintiffs, Hopkins applied for and obtained an arrest warrant for the charge of Harassing Communications.[12] Amy Everett was eventually arrested at her home in Alabama.[13]

The case against Amy Everett was eventually resolved in her favor, but not before she alleges she suffered numerous injuries as a result of her arrest.[14] The Plaintiffs then filed suit in this Court against the Defendants alleging three different violations of the Plaintiffs' constitutional rights pursuant to 42 U.S.C. § 1983 (Counts I-III) and three different state law tort claims, including false imprisonment, false arrest, and malicious prosecution (Counts IV-VI).[15] Miller now moves to dismiss all of the claims against her.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[16] A

---

[11] *Id.* at ¶¶ 26-28.

[12] *Id.* at ¶ 39.

[13] *Id.* at ¶ 44.

[14] *Id.* at ¶¶ 59-73.

[15] *Id.* at ¶¶ 126-187.

[16] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[17] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[18] Generally, notice pleading is all that is required for a valid complaint.[19] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[20]

### III. Discussion

On the face of the Complaint, it is not entirely clear what claims are being asserted against Miller.[21] Counts I-V seem to apply only to the Defendants Hopkins and Cobb County, as there is very little mention of

---

[17] *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

[18] *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[19] *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986).

[20] *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

[21] Counts I-V seem to apply to the Defendants Hopkins and Cobb County. There is very little mention of Miller. Only Count IV, malicious prosecution, specifically accuses Miller.

Miller. Only Count IV, malicious prosecution, specifically accuses Miller. But to the extent the Plaintiffs are asserting federal Section 1983 claims against Miller, they must be dismissed because Miller is not a state actor. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law."[22] "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."[23] However, private actors can be found to have acted under color of state law if they "conspired with one or more state actors."[24] "The plaintiff attempting to prove such a conspiracy must show that the parties 'reached an understanding' to deny the plaintiff his or her rights."[25] Private actors can do this not only by expressly reaching an agreement, but also by intentionally misleading state actors through exaggeration or deceit.[26] But, a private actor does not act under color of state law by simply eliciting action

---

[22]  *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

[23]  *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992).

[24]  *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1285 (11th Cir. 2002).

[25]  *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990).

[26]  *Bendiburg v. Dempsey*, 909 F.2d 463, 469 (11th Cir. 1990) (finding private doctors to be state actors where they intentionally exaggerated child's medical condition in order to obtain temporary custody over the child for medical treatment.).

from a state actor.[27] Thus, the line is drawn at whether the state's judgment has been substituted for that of a private party.[28]

Here, the Plaintiffs have failed to allege sufficient facts to suggest that Miller and Hopkins "reached an agreement" or "conspired" to maliciously prosecute Amy Everett. Miller did not "exaggerate" the nature of Amy Everett's communications. The Complaint never disputes the nature of Amy Everett's communications to Miller's family and coworkers. And though she allegedly lied to Hopkins about the affair, Hopkins was clear that the existence of the affair was immaterial to his independent decision to pursue a warrant.[29] Thus, whether Miller lied about the existence of the affair or not, it made no difference to the arrest and prosecution of Amy Everett. Hopkins made his decision to swear out a warrant independently,

---

[27] *Dye v. Radcliff*, 174 F. App'x 480, 483 (11th Cir. 2006). *See also id.* at 483 n.1 (collecting cases); *Lehman v. Scott*, No. 2:08-CV-530, 2009 WL 1228433, at *3 (M.D. Fla. May 4, 2009) ("It is well established, however, that a private citizen does not engage in joint action with a state actor simply by calling upon official state authority or furnishing information to police officers (even if that information is factually incorrect.").

[28] *See Cruz v. Donnelly*, 727 F.2d 79, 80 (3d Cir. 1984) (". . .we cannot say that either the complaint or the affidavits suggest the existence of a pre-arranged plan by which the police substituted the judgment of private parties for their own official authority. Absent allegations or facts tending to show such a plan, neither [defendant] can be said to have engaged in" a conspiracy sufficient to bring them under a Section 1983 claim.).

[29] Compl., Ex. B at 1 ("Whether there was any infidelity or not has no bearing on this investigation and does not in any way condone harassing a person through any means of communication.").

and solely on the basis of Amy Everett's communications. Because the Complaint's own allegations show that Hopkins used his own independent judgment, and did not in any way act in concert with Miller, Miller cannot be said to be a state actor. The Section 1983 federal claims against Miller are dismissed with prejudice.

Having dismissed the federal claims against Miller, the Plaintiffs' remaining state based claims against her can only survive in this Court on the basis of diversity jurisdiction.[30] But the Plaintiffs have not cited the diversity statute, 28 U.S.C. § 1332, as a basis for jurisdiction, nor have they plainly alleged damages in excess of $75,000. This does not mean that this Court does not have jurisdiction over the state claims; it simply means that the Plaintiffs have not clearly demonstrated it in their pleadings. In situations like this, leave to amend is often given.[31] Therefore, the state law claims are dismissed without prejudice. The Plaintiffs have 30 days from the date of this Order to amend the Complaint to sufficiently show that this Court has jurisdiction over the state claims against Miller.

---

[30]  *See* 28 U.S.C. § 1332.

[31]  *Sauers v. Salt Lake Cty.*, 722 F. Supp. 676, 685 (D. Utah 1989), *aff'd*, 1 F.3d 1122 (10th Cir. 1993) ("...failure to state the grounds on which jurisdiction depends will not automatically result in dismissal of a complaint if the factual basis for the claim is stated. Leave to amend the complaint in order to cure this defect is normally freely given.").

## IV. Conclusion

The Defendant Miller's Motion to Dismiss [Doc. 7] is GRANTED. The Plaintiffs' federal claims against the Defendant Miller are DISMISSED, and the Plaintiffs are ordered within 30 days to amend the Complaint to demonstrate that this Court has subject matter jurisdiction over the remaining state claims.

SO ORDERED, this 18 day of December, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge