IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMY EVERETT and <br> TJELVAR EVERETT, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Civ. Act. No. 1:17-cv-3392-TWT |
| COBB COUNTY, GEORGIA; | ) <br> ) | Plaintiffs' Motion To Reconsider <br> The Court's Dismissal Of The |
| OFFICER JAMES HOPKINS, <br> individually and in his official <br> capacity; and, | ) <br> ) <br> ) <br> ) | § 1983 Conspiracy Claim Against <br> Defendant Lani Miller |
| LANI MESHELLA MILLER; | ) <br> ) | |
| Defendants. | ) <br> ) | |

Plaintiffs' Motion To Reconsider The Court's Dismissal
Of The § 1983 Conspiracy Claim Against Defendant Lani Miller

Plaintiffs move for reconsideration of the Court's dismissal of the § 1983 conspiracy claim against Defendant Lani Miller. *See* Order (doc. no. 20).

I.  The dismissal of Miller from the federal conspiracy claims should be reconsidered and reversed.

    A.  Analysis of the Order (Doc. 20) dismissing Miller from the federal conspiracy claims.

The reasoning from the Order of the dismissal is below with each sentence numbered by brackets for easier reference in the discussion.

1

> Pl[1] Here, the Plaintiffs have failed to allege sufficient facts to suggest that Miller and Hopkins "reached an agreement" or "conspired" to maliciously prosecute Amy Everette. [2] Miller did not "exaggerate" the nature of . . . [the] communications. [3] The Complaint never disputes the nature of . . . [the] communications to Miller's family and coworkers. [4] And though she allegedly lied to Hopkins about the affair, Hopkins was clear that the existence of the affair was immaterial to his independent decision to pursue a warrant. [5] Thus, whether Miller lied about the existence of the affair or not, it made no difference to the arrest and prosecution of Amy Everett. Hopkins made his decision to swear out a warrant independently, and solely on the basis of Amy Everett's communications. [6] Because the Complaint's own allegations show that Hopkins used his own independent judgment, and did not in any way act in concert with Miller, Miller cannot be said to be a state actor. [7] The Section 1983 federal claims against Miller are dismissed with prejudice.

Doc. 20, p. 6 & 7.

    B.  It was error to draw the inference or conclusion that the Complaint admitted that the "nature" of the communications was harassment over a constitutionally protected line amounting to criminal conduct, especially when Miller's motion did not argue nor cite authority with any specificity that the "nature" of the communication was so clearly criminal that there was no fault in the arrest and prosecution, and therefore Plaintiffs were not given meaningful notice that the "nature" of the emails was a basis of dismissal sought by Miller.

    Miller only raised that she was not a state actor, or could not be deemed to be in a conspiracy with, or otherwise be deemed to be a state actor, asserting the position that she merely made a report to Officer Hopkins.  Doc. 7 pp. 4 & 5.

    Miller did not assert with any supporting authority as required by Local Rule, 7.1, N.D. GA. requires that "authority be cited." Miller has no meaningful argument that the emails were not protected and were over a criminal line, unprotected by the First Amendment.  The Order's conclusion in sentences [2] and

2

[3], that the "nature" of the communications is somehow admitted to establish lawful probable cause or that the emails were not protected is error, and creates a due process issue.

Plaintiffs were not put on reasonable notice that there was an argument in the motion by Miller that the emails and "communication" were not protected by the First Amendment from criminal punishment, nor an officer's invested authority of cease and desist, with the power to arrest on unilaterally determined contempt, as to speech about a civil dispute involving the topic of the civil and religious sanctity of marriage, whereby speech to protect the institution deserve protection from unwarranted state intrusion. *See e.g.*, *Obergfell v. Hodges*, 135 S.Ct. 2584, 2640 (2015) (importance of marriage).

The conclusory language from Miller's brief, interpreting the Complaint in the light most favorable to Miller (and Hopkins), which is error, is: "As indicated in Plaintiffs' Complaint, Plaintiff Amy Everett has admitted to constant and unwanted communications with Defendant Miller." Doc. 7 p. 3. There are no case cites or authority attached to or nearby this sentence. There is no language that Miller and Hopkins cannot be held liable under § 1983 for a First or Fourth Amendment violation, because the "nature" of the emails or communication, because the language or nature violates the statue by X, or is harassing in such a manner that it overcomes protection by the First Amendment as being threatening.

Local Rule 7.1, N.D. GA. requires that in a motion "authority be cited," and reasonably interpreting this rule is to mean that the authority, has to be related to the basis asserted to dismiss.  The basis of the motion was as to lack of state action. The only authority Miller cited deals with the state action argument. Doc. 7 p. 4 & 5.

Fed.R. Civ. P. 7(b)((1)(B) requires that the motion be stated "with particularity." The particularity requirement of Rule 7 insures that the opposing party will have notice of their opponent's contentions to avoid prejudice and to provide a meaningful opportunity to respond, and provide the court with enough information to process the motion correctly.  See e.g., *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) (looking to Braun's pleadings to see if he objected to personal jurisdiction; Fed. R. Civ. P. 7(b)(1) ("an application to the court for an order shall be by motion which . . . shall state with particularity the grounds therefor . . ."); *Davis v. Hill Eng'g, Inc*, 549 F.2d 314, 324-25 (5th Cir. 1977) (holding that defendant waived his objection to service of process by not stating it with particularity in his motion challenging venue under the Jones Act, 46 U.S.C. § 688).

Miller's motion does not state that authority for the proposition that as a matter of law the communication nature is not protected by the First Amendment or independently not criminal. Doc. 7 p. 3-6.

4

The Order does not state authority showing that by the allegations by the allegations in the complaint, that the emails, conduct and communications are not within protection of the law and could form a lawful basis for the detention and prosecution challenged herein.

The complaint does state that the emails and communications were protected by the First Amendment, or otherwise protected, (Doc. 1 in whole and nature of claims, and see ¶¶ 91, 130-31), when the complaint is construed as a whole and the inferences drawn in Plaintiff's favor.  While the Court cited the appropriate law of complaint construction (Doc. 20 pp. 3 & 4) it was not correctly applied.

Plaintiffs were not put on reasonable notice that the "nature" (whether content or conduct) of the emails or communications might be a keystone in the basis to dismiss the federal claims, and the Court's ruling making the nature of the emails a basis for dismissal prejudiced Plaintiffs.

C.  The Order erroneously found that the cause of the arrest was emails, where the sequence of events shows the arrest did not occur when the material emails were already in existence, and it was not until the cease and desist letter was sent that a warrant was sought, where issues of causation, credibility and intent are to be reserved for the jury.

The Order [5, 6] found that the sole cause of the arrest was the emails – thereby eliminating the conspiracy and manipulation of withholding of the information of the affair as the cause of the arrest and prosecution.

The sequence of events in the Complaint shows that ten emails existed before the cease and desist letter, and yet no warrant was taken out then. Doc. 1 ¶ 21-22, Cease and desist ¶27.

Causation should be reserved for the jury. *Burchfield v. CSX Transp.*, Inc., No. 1:07-CV-1263-TWT, 2009 U.S. Dist. LEXIS 42401, at *17-18 (N.D. Ga. May 15, 2009).

II.   Plaintiff Amy Everett's Speech Was Constitutionally Protected.

The law has been clearly established that a criminal line is not crossed by mere harassing speech because of the First Amendment. "It is ... critical to recall that speech may be 'annoying' without losing its First Amendment protection." *Gormley v. Dir., Conn. State Dep't of Adult Prob.*, 449 U.S. 1023, 1024 (1980) (White, J. dissenting from denial of cert) (citing *Norwell v. Cincinnati* , 414 U.S. 14 (1973); *Coates v. Cincinnati* , 402 U.S. 611, 615-616 (1971); *Terminiello v. Chicago* , 337 U.S. 1 (1949)). "For example, the Supreme Court of Illinois found that a similar statute risked criminal prosecution for a variety of situations involving protected speech. 'Conceivably, this section could make criminal a single telephone call made by a consumer who wishes to express his dissatisfaction over the performance of a product or service; a call by a businessman disturbed with another's failure to perform a contractual obligation; by an irate citizen, perturbed with the state of public affairs, who desires to express his opinion to a

public official; *or by an individual bickering over family matters*.' *People v. Klick*, 66 Ill. 2d 269, 274 (1977)." *Gormley,* 449 U.S. at 1024 n.3 (emphasis added).

Annoying and offensive speech is protected speech under the First Amendment as long as it does not fall into one of the limited exceptions, as explained by *United States v. Cassidy*, 814 F. Supp. 2d 574 (D. Md. 2011):

> Even though numerous court decisions have made a point to protect anonymous, uncomfortable speech and extend that protection to the Internet, not all speech is protected speech. There are certain "well-defined and narrowly limited classes of speech" that remain unprotected by the First Amendment. *See Chaplinsky v. New Hampshire,* 315 U.S. 568, 571-572, 62 S. Ct. 766, 86 L. Ed. 1031 (1942). This type of unprotected speech is limited to, (a) obscenity, *Roth v. United States*, 354 U.S. 476, 77 S. Ct. 1304, 1 L. Ed. 2d 1498 (1957), (b) defamation, *Beauharnais v. Illinois*, 343 U.S. 250, 254-255, 72 S. Ct. 725, [*583] 96 L. Ed. 919, (1952), (c) fraud, *Virginia Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 771, 96 S. Ct. 1817, 48 L. Ed. 2d 346, (1976), (d) incitement, *Brandenburg v. Ohio*, 395 U.S. 444, 447-449, 89 S. Ct. 1827, 23 L. Ed. 2d 430 (1969) (*per curiam*), (e) true threats *Watts v. United States*, 394 U.S. 705, 89 S. Ct. 1399, 22 L. Ed. 2d 664 (1969), and (f) speech integral to criminal conduct, *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 498, 69 S. Ct. 684, 93 L. Ed. 834 (1949).  [**21] Speech that does not fall into these exceptions remains protected. *See United States v. Stevens*, 130 S.Ct. 1577, 1586, 176 L. Ed. 2d 435 (2010) (holding that statute criminalizing "depictions of animal cruelty" remain protected because there is no "freewheeling authority to declare new categories of speech outside the scope of the First Amendment.").

*United States v. Cassidy*, 814 F. Supp. 2d 574, 582-83 (D. Md. 2011)

No reasonable police officer nor recipient of Everett's speech would have believed it implicated any of the these limited exceptions to the First Amendment.

Therefore Everett's "[s]peech that does not fall into these exceptions remains protected." *Id*.

III.   The Factual Allegations In The Complaint Plausibly Suggest A Meeting Of The Minds Between Defendant Miller And Defendant Officer Hopkins To Arrest And Prosecute Plaintiff Amy Everett For Her Protected Speech And Therefore In The Absence Of Probable Cause.

Because Everett's speech was constitutionally protected, it is clear that there was no probable cause to believe Plaintiff had committed the crime under O.C.G.A. § 16-11-39.1, which provides on its face: "(e) This Code section shall not apply to constitutionally protected speech."

The cease-and-desist email from Hopkins to Plaintiffs raises a plausible inference that he and Defendant Miller were working together to stop the Plaintiffs' emails and use the criminal process to stop what is essentially a civil dispute, by use of the officer's authority under color of law to create a threat of arrest for speech that was merely harassing but was nonetheless constitutionally protected. Nowhere in the harassing communications statute is there a provision for a cease-and-desist letter issued by the officer by email, by which any subsequent email, even if protected in content, can result in a criminal arrest under the statute.

After issuing the cease-and-desist letter demanding a stop of the communications "at the hour of 1:00pm" (doc. no. 1-2 at 2), and after Plaintiffs' last email to Defendant Miller on August 26, 2015 at 12:36pm central time,

8

Compl. (doc. no. 1) at ¶34, Defendant Miller relayed the email from Plaintiff's to Officer Hopkins, as shown by Officer Hopkin's arrest warrant who describes the alleged crime as occurring until after that last email. *See* Doc. no. 1-1 at 2 ("8/26/205 at 4:00 PM"). It raises a plausible inference that Ms. Miller was not merely reporting an alleged crime to Officer Hopkins but they were working together with an implicit or explicit agreement to stop Plaintiff Amy Everett's communications and criminally punish her.

Officer Hopkins, despite proffering his availability to talk to Plaintiff Amy Everett, *see* Cease-And-Desist Letter (doc. no. 1-2) at 2 ("If you have any questions regarding this matter I will be happy to discuss it with you. You may contact me Monday - Friday 7:30am-3:30pm at the numbers listed in the email."), ignored the Plaintiffs' seven calls to talk to him. *See* Compl. at ¶36. On the eighth call officer Hopkins' first question was whether there was an affair, and upon Mr. Everett stating there was an affair, Defendant Hopkins responded "'*Well, it's too late now*; I've already obtained the warrant." Compl. at ¶39 (emphasis added). This raises a plausible inference that Defendant Hopkins, upon learning the affair existed, concluded there was no probable cause to continue to arrest or charge Plaintiff Amy Everett with harassing communications. It is also reasonable to infer that Officer's Hopkins' statement shows he and Miller had reached a meeting of the minds to apply the criminal process to Plaintiff Amy Everett regardless of its

propriety, because it was not actually too late stop the criminal process. As a matter of law Defendant Hopkins has a duty to intervene to stop a false arrest and as a matter of fact it plausible he could recall or nullify the very arrest warrant he procured. *See Lepone-Dempsey v. Carroll Cty. Comm'rs.*, 159 F. App'x 916, 917-18 (11th Cir. 2005) (officer could be liable for failure to intervene in an unlawful arrest).

In *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 (1970) the Supreme Court found a jury issue on whether the Store conspired with the police to refuse to serve the plaintiff, because the Store failed to show there was no policeman inside the Store at the material time. "If a policeman were present, we think it would be open to a jury, in light of the sequence that followed, to infer from the circumstances that the policeman and a Kress employee had a 'meeting of the minds' and thus reached an understanding that petitioner should be refused service." *Adickes* at 158. If there had been a police officer present inside the store, he would have had all the requisite information to make an independent judgement about whether to refuse service to the Plaintiff. Other courts agree that allegations suggesting concerted actions suffices to plausibly show a conspiracy, as explained in *Gibbons v. McBride*, 124 F. Supp. 3d 1342 (S.D. Ga. 2015):

> The Eleventh Circuit has explained that "the linchpin for conspiracy is agreement, which presupposes communication." *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.*, 956 F.2d 1112, 1122 (11th Cir. 1992). "[A]n agreement may be inferred from the relationship of the

parties, their overt acts and concert of action, and the totality of their conduct." *AFL-CIO. v. City of Miami*, 637 F.3d 1178, 1192 (11th Cir. 2011); *see also Grider*, 618 F.3d at 1260 (stating that "[f] actual proof of the existence of a § 1983 conspiracy may be based on circumstantial evidence" (citing *Burrell v. Bd. of Trs. of Ga. Military Coll.*, 970 F.2d 785, 789 (11th Cir. 1992)). As a guide, our sister court has found that a plaintiff alleges sufficient facts to state a claim for § 1983conspiracy where: (1) plaintiff alleged all defendants actively participated in the events leading up to the alleged constitutional violation, (2) plaintiff alleged all defendants "acted in concert" when the constitutional violation was committed, and (3) "[t]he Amended Complaint [is] replete with allegations that the Defendants communicated with one another and actively participated with one another" leading up to and during the event in question. *Conway*, 2013 U.S. Dist. LEXIS 141175, 2013 WL 5493380, at *5 (citing *Valentine*, 2012 U.S. Dist. LEXIS 836, 2012 WL 27416, at *6).

*Gibbons v. McBride*, 124 F. Supp. 3d 1342, 1379 (S.D. Ga. 2015).

Respectfully submitted this 16th day of January, 2018.

I certify this brief is Times New Roman 14 point font in Word.

                                  /s/ John P. Batson
                                  John P. Batson
                                  Ga. Bar No. 042150
                                  Attorney for Plaintiffs

Prepared by:
John P. Batson
P.O. Box 3248
Augusta, GA 30914-3248
Phone 706-737-4040
FAX 706-736-3391
jpbatson@aol.com

CERTIFICATE OF SERVICE

This is to certify that the undersigned attorney did this date serve a copy of the within and foregoing Plaintiffs' Motion To Reconsider:

☐ Depositing the same with a commercial expedited delivery service thereon to the following address(es):

☐ Delivering a copy to counsel by hand to the following address(es):

☐ Faxing a copy of the same to the following Fax No(s).:

☒ E-mailing a copy of the same through the court's e-mailing system:

>Richard Nolan Blevins, Jr.
>Blevins and Hong, P.C.
>191 Roswell Street
>Marietta, GA 30060
>678-354-2290
>Email: richardblevins@cobbcountylaw.com
>
>EDDIE SNELLING, JR.
>Senior Associate County Attorney
>Eddie.Snelling@Cobbcounty.org

Respectfully submitted this 16th day of January, 2018.

_____
/s/ John P. Batson
John P. Batson
Ga. Bar No. 042150
Attorney for Plaintiff

P.O. Box 3248
Augusta, GA 30914-3248
Phone 706-737-4040
FAX 706-736-3391
jpbatson@aol.com