IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMY EVERETT and<br>TJELVAR EVERETT,<br><br>Plaintiffs,<br><br>v.<br><br>COBB COUNTY, GEORGIA;<br>OFFICER JAMES W. HOPKINS,<br>in his individual and official<br>capacities; and LANI MESHELLA<br>MILLER, in her individual<br>capacity;<br><br>Defendants. | File No.   1:17-CV-3392-TWT |

## DEFENDANT LANI MESHELLA MILLER'S MOTION TO DISMISS PLAINTIFFS STATE LAW CLAIMS

COMES NOW, Defendant Lani Meshella Miller (herein after "Defendant Miller") who moves this Honorable Court to dismiss the Plaintiffs' First Amended Complaint and Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12 (b)(6) and lack of subject matter jurisdiction pursuant to Rule 12 (b)(1) and shows the following:

### Facts

On September 6th, 2017, Plaintiffs filed suit against Defendant Miller, Cobb County, Georgia and Officer James Hopkins. Plaintiffs alleged that Plaintiff Amy

Everett was falsely arrested and maliciously prosecuted for harassing Defendant Miller. Plaintiffs are domiciled in the State of Alabama. *See Plaintiffs' Complaint ¶¶ 1 & 2*. Defendant Miller is a resident of the State of Georgia. *See Plaintiffs' Complaint ¶ 5*. Plaintiff Tjelvar Everett fails to provide any claim against Defendant Miller in Plaintiffs' Complaint. Plaintiff Amy Everett admits she attempted to contact Defendant Miller via Facebook messenger on January 2, 2015 and January 10, 2015 regarding an alleged extramarital affair between Plaintiff Tjelvar Everett and Defendant Miller and did not receive a response from Defendant Miller. *See Plaintiffs' Complaint ¶ 16*. On January 13, 2015, Plaintiff Amy Everett called Defendant Miller at her place of employment. *See Plaintiffs' Complaint ¶ 17*. Plaintiff Amy Everett emailed Defendant Miller's mother and cousin about the alleged affair. *See Plaintiffs' Complaint ¶ 21*. On August 26, 2015, Plaintiff Amy Everett contacted several science department faculty members at Harrison High School about the alleged affair. *See Plaintiffs' Complaint ¶¶ 22, 23 & 24*. Defendant Miller, after numerous unwanted emails, Facebook messages, and telephone calls from Plaintiff Amy Everett, made a police report to the Cobb County Police Department. *See exhibit "D" of Plaintiffs' Complaint*. Defendant James Hopkins was assigned to investigate the case for the Cobb County Police Department. *See exhibit "D" of Plaintiffs' Complaint*. On August 28th, 2015, Defendant Hopkins applied for an arrest warrant and was issued an arrest warrant

from a Cobb Magistrate Judge for Plaintiff Amy Everett. *See exhibit "A" of Plaintiffs' Complaint.* Plaintiff Amy Everett was charged with harassing communications in violation of O.C.G.A. § 16-11-39.

Plaintiffs brought their complaint pursuant to several federal statues: 42 U.S.C. §§ 1983 & 1985 and 28 U.S.C. §§ 1331, 1343 and 1367 and state law claims. On September 27th, 2017, Defendant Miller filed a motion to dismiss Plaintiffs' Complaint. See (Doc. 1). On December 18th, 2017, this Honorable Court dismissed the Plaintiffs' Federal claims against Defendant Miller. See (Doc. 20). The Court allowed the Plaintiffs 30 days from the date of the Order to amend their Complaint to show diversity under 28 U.S.C. § 1332 for the state law claims. See Order (Doc. 20). On January 17th, 2018, the Plaintiffs filed their amended complaint. See (Doc. 27).

## ARGUMENT AND AUTHORITY

Plaintiffs allege in their amended complaint that they have $12,974.84 in special damages. *See Plaintiffs' Amended Complaint* ¶ 5. Plaintiffs allege they suffered over $80,000.00 or more in damages. *See Plaintiffs' Amended Complaint* ¶ 6. Further, Plaintiffs allege three state law claims in their Complaint: Count IV: False Imprisonment; Count V: False Arrest; and Count VI: Malicious Prosecution. *See Plaintiffs' Complaint*, pages 47, 48 & 49 respectively. Plaintiffs now base their alleged state law claims against Defendant Miller under 28 U.S.C. § 1332.

*See Plaintiffs' Amended Complaint* ¶ 2. A complaint is subject to dismissal under Rule 12(b)(6) where it appears that the facts alleged fail to state a plausible claim for relief. Bell Atlantic v. Twombly, 550 U.S. 544 (2007). A claim is plausible when the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 (2009). Plaintiffs' facts as outlined in their Complaint and Amended complaint barely speak of Defendant Miller in the terms of being negligent or committing a tort towards Plaintiffs. The Plaintiffs allege "As a direct result of Defendants Miller and Hopkins' acts, Mrs. Everett was forced to endure a humiliating process for detention". *See Plaintiffs' Complaint* ¶ 60. The Plaintiffs fail to state what were Defendant Miller's "acts". Plaintiff Amy Everett by her own admission, in her complaint, started this process by contacting Defendant Miller numerous times. Plaintiff Amy Everett admits she attempted to contact Defendant Miller via Facebook messenger on January 2, 2015 and January 10, 2015 regarding an alleged extramarital affair between Plaintiff Tjelvar Everett and Defendant Miller and did not receive a response from Defendant Miller. *See Plaintiffs' Complaint* ¶ 16. On January 13, 2015, Plaintiff Amy Everett called Defendant Miller at her place of employment. *See Plaintiffs' Complaint* ¶ 17. Plaintiff Amy Everett emailed Defendant Miller's mother and cousin about the alleged affair. *See Plaintiffs' Complaint* ¶ 21. On August 26, 2015, Plaintiff Amy

Everett contacted several science department faculty members at Harrison High School about the alleged affair. *See Plaintiffs' Complaint ¶¶ 22, 23 & 24.*

Plaintiff further alleges in ¶ 86 of her Complaint, "that Defendant Miller provided Defendant Hopkins with false statements while simultaneously concealing information being sought by a Law Enforcement Officer during the course and scope of an investigation". Plaintiffs failed to provide in their Complaint what was the false statements made by Defendant Miller. The plaintiffs "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do". Twombly, 550 U.S. 555. To survive dismissal, recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Iqbal, 556 U.S. at 678. In the facts of the Plaintiffs' Complaint, they failed to specify what the false statements were and were acts Defendant Miller did to put the Defendant on notice of the allege claims.

The Plaintiffs allege only three state law claims in their Complaint: Count IV: False Imprisonment; Count V: False Arrest; and Count VI: Malicious Prosecution. *See Plaintiffs' Complaint*, pages 47, 48 & 49 respectively. Plaintiff's False Imprisonment count does not allege Defendant Miller is liable to the Plaintiffs. *See Plaintiffs' Complaint* ¶ 173. Plaintiffs' False Arrest count does not allege Defendant Miller is liable to the Plaintiffs. *See Plaintiffs' Complaint* ¶ 177.

Plaintiffs' Malicious Prosecution claim does not allege Defendant Miller is liable to the Plaintiffs. *See Plaintiffs' Complaint* ¶ 184. The closest that the malicious prosecution claim comes close to mentioning Defendant Miller is ¶ 187 which states: "Defendant Hopkins and Miller, directly and/or indirectly, enacted an inquiry to enforce the laws of Georgia upon the out of state actions by an out of state resident, Mrs. Everett". This Court has found in its Order that the Complaint's own allegations show that Hopkins used his own independent judgment, and did not in any way act in concert with Miller. See Order (Doc. 20). All three claims allege Defendants Hopkins and/or Cobb County are liable to the Plaintiffs' for all three of the Plaintiffs state law claims.

The plain facts of this case as outlined by the Plaintiff in her Complaint is that she discovered an affair between Defendant Miller and Defendant Tjelvar Everett. She began notifying everyone associated with Defendant Miller, including Defendant Miller about the affair. Plaintiff would not stop the emails and communication, so Defendant Miller simply notified the authorities of the unwanted emails and communication from the Plaintiff Amy Everett. *See exhibit "D" of Plaintiffs' Complaint.* Officer Hopkins took over the investigation and applied for the arrest warrant through a Magistrate Judge. *See exhibit "A" of Plaintiffs' Complaint.* The Plaintiffs' Complaint and Amended Complaint are silent on how Defendant Miller maliciously prosecuted the Plaintiffs.

WHEREFORE, Defendant Miller moves this Honorable Court to dismiss her from the Plaintiffs' First Amended Complaint and Complaint as to the state law claims:

1. Plaintiff Tjelvar Everett's should be dismissed from this case for failing to state any cause of action against any of the Defendants;

2. Plaintiffs state law claim for malicious prosecution; false arrest; and false imprisonment should be dismissed against Defendant Miller;

3. Plaintiffs state law claims be dismissed against Defendant Miller since the Court will have no subject matter jurisdiction over Defendant Miller.

Respectfully submitted this 22nd day of January, 2018.

                        Blevins & Hong, P.C.

                        /s/ Richard N. Blevins, Jr.
                        Richard N. Blevins, Jr., Esq.
                        Georgia State Bar No. 063361
                        Attorney for Defendant Miller

191 Roswell Street
Marietta, Georgia 30060
(678) 354-2290

## CERTIFICATE OF TYPE STYLE

This document was prepared using Times New Roman 14 Point font.

This 22nd day of January, 2018.

                                              Blevins & Hong, P.C.

                                              <u>/s/ Richard N. Blevins, Jr.</u>
                                              Richard N. Blevins, Jr. Esq.
                                              Georgia State Bar No. 063361
                                              Attorney for Defendant Miller

191 Roswell Street
Marietta, GA  30060
(678)-354-2290

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record to this action with a copy of the foregoing **Defendant Lani Meshella Miller's Motion to dismiss Plaintiffs' State Law Claims** in the above-styled case by emailing a copy of the same through the court's e-mailing system:

Eddie Snelling, Jr., Esq.
Attorney for Defendant Cobb County and James Hopkins
Eddie.snelling@cobbcounty.org

John P. Batson, Esq.
Attorney for Plaintiffs
jpbatson@aol.com

This 22nd day of January, 2018.

/s/ Richard n. Blevins, Jr.
Richard N. Blevins, Jr.
Georgia Bar No. 063361
***Attorney for Defendant Miller***

Blevins & Hong, PC
191 Roswell Street
Marietta, Georgia 30060
(678) 354-2290
Richard@cobbcountylaw.com