IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMY EVERETT, et al.,

   Plaintiffs,

  v.

COBB COUNTY, GEORGIA, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:17-CV-3392-TWT

**ORDER**

This is a section 1983 action. It is before the Court on the Plaintiffs' Motion for Reconsideration [Doc. 26]. Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts upon motion to alter or amend a judgment. See Fed. R. Civ. Proc. 59(e). "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing Commodity Futures Trading Comm'n v. American Commodity Group Corp., 753 F.2d 862, 866 (11th Cir. 1984)). The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Nevertheless, such motions are common in practice.

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." L.R. 7.2E. A party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice." Godby v. Electrolux Corp., No. 1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994). Further, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); see also Godby, 1994 WL 470220, at *1 ("A motion for reconsideration should not be used to reiterate arguments that have previously been made ... '[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through-rightly or wrongly.'") (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)) (alterations in original); In re Hollowell, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already decided or as a substitute for appeal ... Such motions also should not be used to raise arguments which were or could have been raised before judgment was issued."). Nothing in the motion

suggests that the Court made a clear error in granting the private Defendant's Motion to Dismiss. The Motion for Reconsideration [Doc. 26] is DENIED.

SO ORDERED, this 24 day of January, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge