IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMY EVERETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | File No. 1:17-CV-3392-TWT |
| | ) | |
| COBB COUNTY, GEORGIA; | ) | |
| OFFICER JAMES W. HOPKINS, | ) | |
| in his individual and official | ) | |
| capacities; and LANI MESHELLA | ) | |
| MILLER, in her individual | ) | |
| capacity; | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT LANI MESHELLA MILLER'S MOTION FOR ENTRY OF JUDGMENT

COME NOW Defendant Lani Meshella Miller, and, pursuant to Federal Rules of Civil Procedure 54(b) and 58, move for the entry of final judgment in her favor and against Plaintiff, showing this Honorable Court as follows:

### I. INTRODUCTION

Plaintiffs brought this action in September 6th, 2017 seeking damages against Defendants. (Doc. 1). All claims against Defendant Lani Meshella Miller have been dismissed by the Court. (Docs. 20 & 37). The above case is proceeding, but only against Defendant Cobb County, Georgia and Officer James W. Hopkins. To avoid any unnecessary further involvement in this litigation and for the sake of finality, Defendant Lani Meshella Miller now moves for entry of judgment in her favor.

## II. STATEMENT OF FACTS

Plaintiffs brought this suit against Defendants, alleging violation of 42 U.S.C. § 1983 and state tort claims. (Doc. 1). On December 18th, 2017, the Court dismissed the federal claims against Defendant Miller. (Doc. 20). On January 17th, 2018, Plaintiffs amended their complaint to allege diversity and state tort claims against Defendant Miller. (Doc. 27). On May 15th, 2018, the Court dismissed the state court claims against Defendant Miller and dismissing Plaintiff Tjelvar Everett. (Doc. 37). The case is proceeding against Cobb County, Georgia and James W. Hopkins.

## III. ARGUMENT & CITATIONS TO AUTHORITY

Defendant Miller respectfully moves for entry of final judgment in her favor. Federal Rule of Civil Procedure 58 governs the entry of judgment in federal cases. Rule 58(d) allows a party to request that judgment be set out in a separate document. Rule 54(b) provides that when multiple parties are involved, a district court may direct the entry of a final judgment as to one or more but fewer than all of the parties upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Fed. R. Civ. P. 54(b).

Generally, "[a] district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b)." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). The district court must first determine that its final judgment is, in fact, both "final" and a "judgment." *Id.* For the purposes of Rules 54(b), a judgment is "final" where the judgment disposes entirely of a separable claim or dismisses a party entirely. *In re Southeast Banking Corp.*, 69 F.3d 1539, 1547-48 (11th Cir. 1995). After finding that a decision was a final judgment, "the district court must then determine that

there is no 'just reason for delay' in certifying it as final and immediately appealable." *Lloyd,* 483 F.3d at 777 (*quoting Curtiss-Wright Corp., v. Gen. Elec. Co.,* 446 U.S. 1, 8 (1980)); *see also Edwards v. Prime Inc.,* 602 F.3d 1276, 1288 (11th Cir. 2010). The "no just reason for delay" requirement for certification contemplates that the district court will "balance judicial administrative interests and relevant equitable concerns." *Ebrahimi v. City of Huntsville Bd. Of Educ.,* 114 F.3d 162, 166 (11th Cir. 1997).

In this case, the Court's Order of December 18th, 2017 and May 15th, 2018, dismissed all claims against Defendant Miller. (Docs. 20 & 37). There is no reason to delay entry of a final judgment as to Defendant Miller. *See Reid v. City of Atlanta,* No. CIV.A 108CV01846JOF, 2010 WL 1138456, at *22 (N.D. Ga. Mar. 22, 2010) (entering judgment on fewer than all claims after finding that one defendant was entitled to qualified immunity).

Defendant Miller should not be left in limbo awaiting conclusion of the civil trial against Defendants Cobb County, Georgia and James W. Hopkins. Therefore, there is no just reason for delay in the entry of final judgment as to Defendant Miller. She requests the Court enter a judgment in her favor and against Plaintiff.

### IV. CONCLUSION

For the foregoing reasons, Defendant Miller respectfully requests that judgment be entered in her favor and against Plaintiff.

Respectfully submitted this 16th day of May, 2018.

Blevins & Hong, P.C.

/s/ Richard N. Blevins, Jr.
Richard N. Blevins, Jr., Esq.
Georgia State Bar No. 063361
Attorney for Defendant Miller

191 Roswell Street
Marietta, Georgia 30060
(678) 354-2290