IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMY EVERETT and TJELVAR EVERETT, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civ. Act. No. 1:17-cv-3392-TWT |
| COBB COUNTY, GEORGIA; | ) ) | Plaintiffs' Brief in Response to Miller's |
| OFFICER JAMES HOPKINS, individually and in his official capacity; and, | ) ) ) | Motion to Certify Judgement to Miller Only as a Final Judgment |
| LANI MESHELLA MILLER; | ) ) ) | |
| Defendants. | ) ) | |

PLAINTIFFS' BRIEF IN RESPONSE
TO MILLER'S MOTION TO CERTIFY JUDGMENT TO MILLER ONLY
AS A FINAL JUDGMENT

Miller moved to certify the judgment as a final appealable order under Fed. R. Civ. P. 54(b) and 58. The motion should be denied because the facts as to Miller and Hopkins are one, and the claims are similar.

The Court had the opportunity to certify, but perhaps based on reasons similar to those addressed below, it did not, and a failure to certify is not appealable. 10 Moore's Federal Practice - Civil § 54.23 (2018) (citing *Hilmon Co.*

1

*v. Hyatt Int'l.*, 899 F.2d 250, 253 (3d Cir. 1990) (appeal from failure to enter Rule 54(b) judgment dismissed, and appellant sanctioned for taking frivolous appeal); *McCall v. Deeds*, 849 F.2d 1259, 1259 (9th Cir. 1988) (denial of Rule 54(b) motion cannot be immediately appealed)).

The factors to be considered are addressed in *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980), *quoting Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 438, 76 S. Ct. 895, 100 L. Ed. 1297 (1956).

Circuit courts uniformly recognize that when the two claims are similar,[1] then it is an abuse of discretion to certify the question, as in this case, where the

---

[1] *Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706–708 (1st Cir. 1996) (citing Moore's, although order as to counter claims was sufficiently final to permit Rule 54(b) judgment, holding that unadjudicated claims were too closely related to those disposed of, and district court abused its discretion in entering judgment); *Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 486 (1st Cir. 1993); *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir. 1988).
    *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025–1026 (2d Cir. 1992) (although court had power to enter Rule 54(b) judgment as to summary judgment disposing of all claims against one defendant, those claims were too closely related to unadjudicated claims remaining in district court, so court abused its discretion in ordering judgment); *Shrader v. Granninger*, 870 F.2d 874, 878–879 (2d Cir. 1989).
    *Gerardi v. Pelullo*, 16 F.3d 1363, 1370–1371(3d Cir. 1994) (district court abused discretion in entering judgment under Rule 54(b) on unjust enrichment claims, because pending claims were closely related to those adjudicated).
    *Braswell Shipyards, Inc. v. Beazer East Inc.*, 2 F.3d 1331, 1338–1339 (4th Cir. 1993) (damages on state claims could not be computed until federal claims

two individual defendants are each one-half of the basic facts, and the claims are about what they caused or intended as to Plaintiff's arrest and prosecution.

The practical and functional issue is whether, in balancing the interests of judicial administration and equitable concerns, it makes more sense to keep the case in one bundle, or a separate appeal makes sense because the claims, facts or issues really are like two separate cases.  Are there two similar trains on the same track, or is it a case involving two trains on two tracks; one carrying passengers stopping in cities, and the other coal, stopping at the mines and the other at the mills.  This case involves similar trains on one track.

---

were resolved, so judgment under Rule 54(b) on state claims was abuse of discretion).
    *Justice v. Pendleton Place Apts.*, 40 F.3d 139, 141 (6th Cir. 1994) (negligence claims were closely related to federal claims, so judgment on negligence claims was abuse of discretion under Rule 54(b)); *Day v. NLO, Inc.*, 3 F.3d 153, 154 (6th Cir. 1993).
    *Interstate Power Co. v. Kansas City Power*, 992 F.2d 804, 807 (8th Cir. 1993) (district court abused its discretion in ordering judgment under Rule 54(b) on third-party claim for contribution, because outcome of main action might entirely moot judgment entered); *Hayden v. McDonald*, 719 F.2d 266, 269 (8th Cir. 1983).
    *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242–1243 (10th Cir. 2001) (circuit court lacks appellate jurisdiction to review order certified by district court under Rule 54(b), where order adjudicates claims that are not factually separable from, and seek same relief as, other claims that remain pending before district court).
.

In this case, conclusions about the facts of intent and causation, that were the premise of granting the motion to dismiss, have a reasonable chance of being under-cut by discovery, where the two defendants were sued over the same set of facts, and what is at issue is what was said by one to the other, and what was withheld, or claimed to be withheld, and when, and why Officer did or did not do something, and when he did it.

One of the key conclusions in granting judgment to Miller is that she did not do or say anything that was one of the proximate causes of officer Hopkins to take one of the next steps to pursue the arrest.

Without any argument about why the claims against Miller and Hopkins, or facts related to their claims are unique legally, at Doc. 40 p. 3, Ms. Miller cites to a case in which there was certification, after finding another defendant was entitled to qualified immunity. *See Reid v. City of Atlanta,* Civ. Act. No. 108CV01846JOF, 2010 WL 1138456, at *22 (N.D. Ga. Mar. 22, 2010) (entering judgment on fewer than all claims after finding that one defendant was entitled to qualified immunity). So Judge Forrester let one claim hitch an early appellate ride with a QI appeal. A denial of qualified immunity creates one of the exceptions to the policy against piece-meal, interlocutory appeals, and allows the interlocutory appeal to address questions of law (provided factual disputes to

do not preclude a fair or logical application of the clear law question). That exception, by denial of QI, is not present in this case, so an appeal of the rulings as to Ms. Miller could not caboose or catch a ride on the QI train that has not yet appeared in, let alone, left the station.

Miller also appears to make an accommodation or convenience argument, that she should not be left in limbo.  Doc. 40, p. 3. This is no basis to certify.   Entry of judgment under Rule 54(b) should be the exception, not the rule, and the court should not enter judgment routinely or as an accommodation to counsel. 10 Moore's Federal Practice - Civil § 54.23 (2018) (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980) ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely.");  Corrosioneering, Inc. v. Thyssen Environmental Sys., 807 F.2d 1279, 1282 (6th Cir. 1986); Circuit Stamatakis Indus. v. J. Walter Thompson, 944 F.2d 382, 383 (7th Cir. 1991);  Circuit Burlington Northern R.R. v. Bair, 754 F.2d 799, 800 (8th Cir. 1985);  In re Lindsay, 59 F.3d 942, 951–952 (9th Cir. 1995).

Because the facts of the claims against Miller and Hopkins are the are derived from the same conversations, it also makes sense to leave Miller in a position where it is easier to make changes to prior decisions based on what

discovery shows, such as to causation and intent; which are jury issues, where Miller and Hopkins will each have their own version who said what, and who caused who to do what and when. Fed. R. Civ. P. 54(b) (revising orders at any time prior to final judgment); Fed. R. Civ. P. 1 (just resolution on the merits in an economic fashion).

Respectfully submitted this 29th day of May, 2018.

/s/ John P. Batson
John P. Batson
Ga. Bar No. 042150
Attorney for Plaintiffs


CONSENTED TO:

/s/ Richard N. Blevins, Jr.
Richard N. Blevins, Jr., Esq.
Ga. Bar No. 063361
Attorney for Defendant Miller

Blevins and Hong, P.C.
191 Roswell Street
Marietta, GA 30060
678-354-2290
Email: richardblevins@cobbcountylaw.com

Prepared by:

John P. Batson
P.O. Box 3248
Augusta, GA 30914-3248
Phone 706-737-4040
FAX 706-736-3391

jpbatson@aol.com

CERTIFICATE OF SERVICE

This is to certify that the undersigned attorney did this date serve a copy of the within and foregoing:

PLAINTIFFS' BRIEF IN RESPONSE
TO MILLER'S MOTION TO CERTIFY JUDGMENT TO MILLER ONLY
AS A FINAL JUDGMENT

upon all counsel of record by one or more of the following method(s):

☐ Depositing the same with a commercial expedited delivery service thereon to the following address(es):

☐ Delivering a copy to counsel by hand to the following address(es):

☐ Faxing a copy of the same to the following Fax No(s).:

☒ E-mailing a copy of the same through the court's e-mailing system:

>Eddie Snelling, Jr.
>Senior Associate County Attorney
>Cobb County
>100 Cherokee Street, Suite 350
>Marietta, GA 30090


>Richard Nolan Blevins, Jr.
>Blevins and Hong, P.C.
>191 Roswell Street
>Marietta, GA 30060
>678-354-2290
>Email: richardblevins@cobbcountylaw.com

Respectfully submitted this 29th day of May, 2018.

_____
/s/ John P. Batson

8

                    John P. Batson
                    Ga. Bar No. 042150
                    Attorney for Plaintiff

John P. Batson
P.O. Box 3248
Augusta, GA 30914-3248
Phone 706-737-4040
FAX 706-736-3391
jpbatson@aol.com